Joseph M. Levy, CSB #329318
JosephLevy@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
Facsimile: (503) 323-9105
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

UMUT HADLEY, an individual,

Plaintiff,

v.

MARIO ALEXANDRU, an individual,

Defendant.

Case No. 3:26-cv-05288-LJC

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

Judge: Lisa J. Cisneros

## INTRODUCTION

Plaintiff Umut Hadley filed a simple copyright infringement action against defendant Mario Alexandru, a resident of Romania. Mr. Hadley voluntarily dismissed the case before serving defendant. In this dismissal, counsel for plaintiff stated that it was "with prejudice," when it should have said "without prejudice." (Dkt. 14 at 1.) Mr. Hadley did not ask for this. He did not decide to abandon his claim, and within hours, counsel moved to correct the mistake.

Defendant's opposition does not undermine any of this. Instead, it relies on cases where a party made a deliberate litigation choice and regretted the consequences, most often when the two-dismissal rule is triggered. These cases are misplaced. This is a situation where every excusable neglect factor is satisfied: defendant loses nothing but an unexpected windfall, the mistake was counsel's alone, Mr. Hadley gained nothing from it, and the Rule 60(b) motion came immediately.



MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

The Court should grant the motion and decline defendant's invitation to condition relief on a fee award that runs contrary to binding Ninth Circuit precedent.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 60(b)(1), courts may relieve a party from a final judgment, order, or proceeding resulting from mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). District courts have discretion to correct a judgment for mistake or inadvertence attributable to counsel. *Fidelity Federal Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004). When excusable neglect is at issue, courts consider four factors: (1) "the danger of prejudice to the opposing party," (2) "the length of the delay and its potential impact on the proceedings," (3) "the reason for the [error]," and (4) "whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). This is an equitable test that does not allow for *per se* rules. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004).

Courts "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Parties may, however, raise arguments and evidence "appropriately responsive to arguments and evidence raised" in the other side's opposition papers, even if not presented in the initial motion. *Apple, Inc. v. Samsung Elecs. Co.*, 877 F. Supp. 2d 838, 857 (N.D. Cal.), *rev'd on other grounds*, 695 F.3d 1370 (Fed. Cir. 2012); *see also Tejeda v. Vulcan Materials Co.*, No. 23-CV-00619-JCS, 2024 WL 3642403, at *15 (N.D. Cal. Aug. 1, 2024) (allowing responsive evidence to be presented in reply brief). And non-movants may respond to reply evidence through an Objection to Reply Evidence. Civil L.R. 7-3(d)(1).

**ARGUMENT**

**I. Rule 60(b) applies in circumstances like this one.**

District courts in this circuit have often granted Rule 60(b) motions in situations like this one. *Tokio Marine Specialty Ins. Co. v. Pac. Found., Inc.*, for example, is closely analogous. No. 3:21-CV-01297-AN, 2024 WL 1912534, at *6 (D. Or. Apr. 30, 2024). There, like here, the plaintiffs filed their first voluntary dismissal "with prejudice." *Id.* at *3. Three days later, they alerted the court that the dismissal was not intended to be with prejudice, and sought relief from

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

the judgment. *Id.* The district court granted the motion, concluding that plaintiffs' error was "the result of carelessness, not gamesmanship." *Id.* at *5.

Similarly, in *Guardia v. Wells Fargo Bank, N.A.*, the court granted a Rule 60(b) motion when the plaintiff "inadvertently dismissed his claims with prejudice rather than without prejudice." No. 2:25-CV-10906-MCS-AS, 2026 WL 2373325, at *1 (C.D. Cal. July 15, 2026). In Guardia, the attorney "filed the notice of voluntary dismissal with prejudice without explaining the difference between a dismissal with prejudice and a dismissal without prejudice." *Id.* The court concluded that the dismissal with prejudice was not "the result of a deliberate and counseled decision," and therefore modified the dismissal to be without prejudice. *Id.*

The contrary authority cited by defendant involves a mistaken *second* voluntary dismissal, which automatically operates with prejudice under the "two dismissal rule." Fed. R. Civ. P. 41(a)(1)(A)(i). For example, in *Clendenen v. United States*, the court concluded that it would not set aside the judgment simply because the attorney made a mistake of law and failed to understand the two dismissal rule. No. 25-cv-3109, 2026 WL 1948330, at *2 (E.D. Cal. Jul. 6, 2026), *appeal docketed* No. 26-4824 (9th Cir. 2026). So too in *Melo v. Zumper, Inc.*, where the plaintiff "neglected to recognize the consequences of the second voluntary dismissal[.]" No. 20-cv-00714-PJH, 2020 WL 1891796, at *3 (N.D. Cal. Apr. 16, 2020). And in *Perrine v. United States*. No. 15-cv-2807, 2016 WL 9488701, at *3 (S.D. Cal. Mar. 14, 2016). And again in *Cabot Golf CL-PP 1, LLC v. Cabot Golf CL-PP Acquisition, LLC.*, No. 12-cv-3740, 2013 WL 12404198, at *3 (C.D. Cal. Dec. 17, 2013) (upholding voluntary dismissal "[w]hether or not Plaintiffs or counsel were aware that their decision to dismiss this action invoked the two-dismissal rule[.]"). Defendant has not cited a single case from this circuit denying a Rule 60(b) motion when a first voluntary dismissal was mistakenly filed with prejudice.[1]

---

[1] Defendant's out-of-circuit caselaw are inapposite because none involve a situation where an attorney voluntarily dismissed with prejudice against the wishes of the client. In *In re Pettle*, the party "made a specific choice to voluntarily request dismissal of his case with prejudice" in a bankruptcy case, and then moved to reopen the case a year later. 410 F.3d 189, 193 (5th Cir. 2005). In *Nemaizer v. Baker*, the parties stipulated to a voluntary dismissal, which could not be set aside simply because the attorney "misread the law" rather than "lacked authority" to enter into

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

The Ninth Circuit's decision in *Latshaw v. Trainer Wortham & Co.* does not support defendant either. 452 F.3d 1097 (9th Cir. 2006). There, the plaintiff intentionally signed an acceptance of a Rule 68 offer and later sought to undo it because her attorney's advice about attorney fee exposure had been wrong. *Id.*at 1099-1102. The Ninth Circuit held that Rule 60(b)(1) does not remedy "a litigation decision that a party later comes to regret" after learning that counsel's advice was mistaken, noting the district court's finding that the plaintiff had "expressly instructed her counsel to file the acceptance[.]" *Id.* at 1101-02. The plaintiff's "decision to accept the offer was deliberate and independent," and "regret caused by new knowledge does not justify rescinding a decision." *Id.* at 1102.

Unlike *Latshaw*, this is not a case where Mr. Hadley made a deliberate decision to dismiss with prejudice. He did not choose to give up his claim, misjudge what a dismissal with prejudice would mean, or second-guess a strategy after the fact. (*See* Decl. of U. Hadley in Supp. of Reply in Supp. of Pl.'s Mot. for Relief from J. ("Hadley Decl.") ¶ 2.) Rather, counsel misunderstood what Mr. Hadley wanted and filed something Mr. Hadley never authorized. (Decl. of J. Levy in Supp. of Pl.'s Mot. for Relief from J. ("Levy Decl.") (Dkt. 16) ¶ 2.) That is a mistake about the client's instruction, not a misunderstanding of the legal consequences of a deliberate choice. Defendant's own authority recognizes the distinction: In *Harrop v. Western Airlines, Inc.*, the Ninth Circuit remanded the denial of a Rule 60(b) motion to determine whether the plaintiffs had in fact authorized their attorney to consent to dismissal. 550 F.2d 1143, 1144–45 (9th Cir. 1977) (per curiam).

In sum, these circumstances readily permit a Rule 60(b) motion to be granted. Like other cases, the motion must be evaluated by considering the four excusable neglect factors.

---

the stipulation. 793 F.2d 58, 62 (2d Cir. 1986). And in *Nelson v. Napolitano*, the plaintiff made a "tactical decision" to dismiss without prejudice, and later sought reinstatement under Rule 60(b) rather than refiling, after the statute of limitations had passed. 657 F.3d 586, 590-91 (7th Cir. 2011).

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

**II. All four excusable neglect factors favor setting aside the judgment.**

Defendant does not meaningfully engage with the four relevant excusable neglect factors in opposing Mr. Hadley's Rule 60(b) motion. All four factors favor granting the motion.

**A. Defendant is not prejudiced by the Rule 60(b) motion.**

Defendant would not be prejudiced by the granting of the Rule 60(b) motion, as illustrated by a litany of cases that have addressed this issue. In *Jordan v. Kimpton Hotel & Rest. Grp., LLC*, the court found no prejudice when there was a nine-day delay between the entry of judgment and the Rule 60(b) motion because counsel forgot to file an amended complaint, given "the very short length of the delay and the early stage of the proceedings." No. 24-CV-07232-VC, 2025 WL 900672, at *1 (N.D. Cal. Mar. 25, 2025). In *Tokio Marine*, the district court concluded that the defendant would not be prejudiced by setting aside the judgment because the defendant only faced "the loss of an unexpected victory and some delay, which is insufficient to deny relief." 2024 WL 1912534, at *5; *see also Sibley v. Air & Liquid Sys. Corp.*, No. 20-CV-07697-MMC, 2021 WL 1736812, at *2 (N.D. Cal. May 3, 2021) (same). And in *Martin v. Wells Fargo Bank, N.A.*, the court concluded that the "time and expenses associated with continued litigation" was not a significant prejudice, as the defendant would have had to incur the expenses anyway were it not for the mistake. No. 18-CV-05119-EJD, 2019 WL 2515773, at *2 (N.D. Cal. June 18, 2019).

It is not prejudicial that defendant would no longer be the "prevailing party." Had the dismissal been without prejudice—as Mr. Hadley had intended—defendant would not be a prevailing party under binding Ninth Circuit law. *Cadkin v. Loose*, 569 F.3d 1142, 1149-50 (9th Cir. 2009) (first Rule 41(a)(1) voluntary dismissal without prejudice does not make defendants prevailing parties). Defendant acknowledges that *Cadkin* governs and argues only that it was wrongly decided. (Def. M. Alexandru's Opp'n to Pl.'s Mot. for Relief from J. ("Opp.") (Dkt. 20) at 6 n.2 18-19 n.8.) The fee eligibility he now seeks to preserve exists only because of counsel's

error. Again, that is the "loss of an unexpected victory," not prejudice. *Tokio Marine*, 2024 WL 1912534, at *5.[2]

Defendant's contrary cases involved voluntary dismissals under Rule 41(a)(2), which requires the court's permission to dismiss (unlike a dismissal under Rule 41(a)(1)). *See United States v. Ito*, 472 F. App'x 841, 842 (9th Cir. 2012); *see also Prepared Food Photos, Inc. v. Pool World, Inc.*, 752 F. Supp. 3d 1230, 1233 (E.D. Wash. 2024); *Breaking Code Silence v. Papciak*, No. 21-CV-00918-BAS-DEB, 2022 WL 3362053, at *1 (S.D. Cal. Aug. 15, 2022). For that reason, those courts had to evaluate the prejudice in deciding whether to allow plaintiff to dismiss at all. Here, though, Mr. Hadley did not need permission to dismiss. Under Rule 41(a)(1)(A)(i), he had an unconditional right to dismiss without prejudice, and so the loss of "prevailing party" status is not a legitimate prejudice that defendant would suffer at this stage of the proceeding.

Nor does the prospect of a future suit establish prejudice. Even in the Rule 41(a)(2) context, defendant's own authority holds that "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). If Mr. Hadley refiles, defendant will have every defense available to him today, including the service and personal-jurisdiction objections he has expressly preserved. (*See* Notice of Special Appearance (Dkt. 17).) And "the fact that a party will have to defend a claim on its merits is not 'prejudice' for purposes of the excusable neglect standard." *Johnson v. Bay Area Rapid Transit Dist.*, No. C-09-0901 EMC, 2014 WL 1395749, at *3 (N.D. Cal. Apr. 10, 2014).

**B. There was no delay in the filing of the Rule 60(b) motion.**

Defendant does not even attempt to argue that there was meaningful delay. Nor could he, as plaintiff's Rule 60(b) motion was filed the same day as the voluntary dismissal. (*See* Dkts. 14, 15.) This is not a meaningful delay. *See Sibley*, 2021 WL 1736812, at *2 (Rule 60(b) motion

[2] Defendant's fee motion also undercuts this point, as he argues that he is a prevailing party whether the dismissal is with or without prejudice. (Dkt. 21 at 6.) Defendant is wrong on the law in this regard, but he cannot tell the Court in one brief that relief would strip his right to seek fees and in another that it would not.



MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

filed eleven days after missed deadline for opposition to motion to dismiss was not a significant delay). Thus, the second factor plainly favors Mr. Hadley.

**C. The reason for the error favors relief.**

The third factor also favors relief. The dismissal resulted from counsel's misunderstanding of his client's instruction, not from any strategic choice. (Levy Decl. ¶ 2; Hadley Decl. ¶ 2.) Mr. Hadley did not intend to permanently give up his claims, and quickly identified the error. (Hadley Decl. ¶ 2.) As explained above, multiple courts have found that an error of this sort favors relief. (*See supra* at 2-4.) The third factor therefore supports Mr. Hadley.

**D. Mr. Hadley acted with good faith.**

Finally, Mr. Hadley acted with good faith. Mr. Hadley gained nothing from the dismissal with prejudice, and the absence of any "tactical gain" supports a finding of good faith. *Chow v. Berryhill*, No. 17-CV-04997-LHK, 2018 WL 1335995, at *4 (N.D. Cal. Mar. 15, 2018).

Defendant's attempts to denigrate Mr. Hadley do not focus on his conduct in the dismissal, but instead attack him as a person, referring to a "propensity towards harassment and possibly violence." (Opp. at 18.) These baseless attacks on his character have no bearing on his good faith for purposes of the Rule 60(b) motion.

**III. The Court should not condition relief on an award of attorney fees.**

In the alternative, defendant asks that any relief be conditioned on Mr. Hadley paying his attorney fees. (Opp. at 20-21.) This invitation should be declined. Defendant's authority for this unusual request comes from two completely different settings. First, courts occasionally grant fees and costs when setting aside a default judgment. *See Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 512 (9th Cir. 1986). Second, the Ninth Circuit has suggested that courts may condition a Rule 41(a)(2) dismissal on an award of fees and costs, which requires court permission because the defendant has already answered. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). As explained above, Mr. Hadley needed no permission here. Conditioning relief on a fee payment would hand defendant, through Rule 60(b), the fee award that *Cadkin* forecloses after a first voluntary dismissal without prejudice. 569 F.3d at 1149-50.

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

**IV. This motion is not the proper vehicle to litigate the merits of the dispute.**

Defendant devotes much of his opposition to the merits of Mr. Hadley's complaint. (*See* Opp. at 7-11, 15; Decl. of M. Alexandru in Supp. of Opp. ("Alexandru Decl.") (Dkt. 20-1) ¶¶ 2-17.) It is inappropriate to appear for the first time at this juncture and attempt to litigate the merits of the lawsuit. Defendant's suggestion that granting relief "may be an abuse of discretion" because amendment would be futile (Opp. at 15) confuses Rule 60(b) with Rule 15. No amendment is pending. The futility cases defendant cites address leave to amend, not relief from a mistaken dismissal. Defendant is welcome to waive service and answer the complaint if he wishes to contest the merits.

A copyright claim requires proof of just two elements: (1) ownership of a valid copyright, and (2) copying of original elements of the work. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc). Defendant gestures at a challenge to the copyright registration (Opp. at 8-9), but this issue cannot be resolved on this motion because it requires the Register of Copyrights to advise whether the alleged inaccuracy would have caused the Office to refuse registration. 17 U.S.C. § 411(b)(2). Similarly, defendant's reference to "fair use" (Opp. at 7) is an affirmative defense that requires weighing four factors, none of which are discussed in defendant's brief. *Monge v. Maya Mags., Inc.*, 688 F.3d 1164, 1171 (9th Cir. 2012). Thus, the merits of Mr. Hadley's claim cannot be resolved at this stage.

**V. The Court should disregard the inadmissible and irrelevant portions of defendant's declaration.**

Finally, many portions of defendant's declaration are inadmissible or irrelevant and should be disregarded.

*First*, nearly all of the declaration is irrelevant to the only question before the Court: whether counsel's mistaken filing warrants relief under Rule 60(b)(1). Defendant's account of Ghoul Re, his investigative work, and the contents of the recording (Alexandru Decl. ¶¶ 2–12) bears on none of the excusable-neglect factors, and should be disregarded as irrelevant. Fed. R. Evid. 401, 402.

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

*Second*, paragraphs 6 and 7 recount statements by an unidentified "Informant Doe," offered to prove Doe's authorship of the recording and the nature of Doe's relationship with Mr. Hadley. (Alexandru Decl. ¶¶ 6-7.) Those statements are hearsay. Fed. R. Evid. 801(c), 802. Defendant's purported belief that Doe gave him an implied license (*Id.* ¶ 13) is not evidence that Doe granted one.

*Third*, paragraphs 15 and 16 relay what Doe said Mr. Hadley said. (*Id.* ¶¶ 15-16.) That is hearsay within hearsay, and because Doe's statements are inadmissible hearsay, this evidence is inadmissible. Fed. R. Evid. 805.

*Fourth*, defendant's statement that he "believe[s] Ghoul Re then paid Umut Hadley" (Alexandru Decl. ¶ 5) is speculation without personal knowledge. Fed. R. Evid. 602.

## CONCLUSION

Mr. Hadley did not instruct his counsel to dismiss with prejudice. The dismissal with prejudice was a result of counsel's mistake, not Mr. Hadley's deliberate decision. The issue was discovered almost immediately and the Rule 60(b) motion quickly followed. Mr. Hadley respectfully requests that the Court grant the Rule 60(b) motion and dismiss the action without prejudice, without fees and costs to either party, and deny defendant's request to condition that relief on an award of attorney fees.

DATED: November 12, 2026. MARKOWITZ HERBOLD PC

*/s/ Joseph M. Levy*
Joseph M. Levy, CSB #329318
JosephLevy@MarkowitzHerbold.com
*Attorneys for Plaintiff*