Joseph M. Levy, CSB #329318
JosephLevy@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
Facsimile: (503) 323-9105
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

UMUT HADLEY, an individual,

Plaintiff,

v.

MARIO ALEXANDRU, an individual,

Defendant.

Case No. 3:26-cv-05288-LJC

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

Hon. Lisa J. Cisneros

## INTRODUCTION

In June 2026, plaintiff Umut Hadley filed a three-page complaint alleging a single claim for copyright infringement. (Compl. (Dkt. 1).) On October 22, plaintiff voluntarily dismissed the case before serving defendant Mario Alexandru. (Dkt. 14.) But his counsel mistakenly made the dismissal "with prejudice"—rather than "without prejudice." Realizing the error, counsel immediately moved for relief from judgment. (Dkt. 15.)

Defendant then moved for an award of $36,515 in attorney fees. (Def.'s Mot. for Attorney's Fees (Dkt. 21) ("Def.'s Mot.") at 18.) As an initial matter, that motion should be denied because his counsel failed to confer. And regardless, if the Court grants plaintiff's motion for relief from judgment, defendant's motion must be denied under binding Ninth Circuit precedent—which prohibits fee awards in copyright cases dismissed without prejudice. Finally, a



MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

fee award would not be proper under the *Fogerty* factors even if the voluntary dismissal is with prejudice.

**ARGUMENT**

**I. Defendant's counsel failed to confer before filing his motion.**

Defendant's counsel was required to "meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees." N.D. Cal. Civ. L.R. 54-5(a). "Failure to comply with this requirement is grounds for the Court to deny the motion." *Nasiri v. T.A.G. Sec. Protective Servs. Inc.*, No. 18-CV-01170-NC, 2021 WL 4226207, at *5 (N.D. Cal. Sept. 16, 2021), *aff'd*, No. 21-16543, 2023 WL 4449197 (9th Cir. July 11, 2023). "[A]ttending a meet-and-confer conference without preparing the basic information necessary to make such a conference meaningful . . . does not fulfill the Court's requirement for a good-faith meet-and-confer." *Abittan v. Hansen L. Firm, P.C.*, No. 25-CV-05427-SVK, 2026 WL 1215531, at *9 (N.D. Cal. May 4, 2026).

On November 2, 2026, at approximately 10:20 a.m. PT, undesigned counsel received a call from his receptionist informing him that a "Griffin Klema" was calling for him. (Decl. of J. Levy in Supp. of Pl.'s Resp. to Def.'s Mot. ("Levy Decl.") ¶ 2.) He took the call, and was informed by Mr. Klema that he represented defendant. (*Id.*) On this call, counsel and Mr. Klema discussed defendant's forthcoming opposition to plaintiff's Rule 60(b) motion, and Mr. Klema stated that he may also be filing a petition for attorney fees, though he had not made a decision about whether or not to do so. (*Id.* ¶ 3; *see also* Decl. of G. Klema in Supp. of Def.'s Mot. (Dkt. 21-1) ("Klema Decl.") ¶ 2 (admitting that he had mentioned the potential to seek fees "either by way of a term included in plaintiff's Rule 60(b) motion, or by way of separate motion for attorney's fees.") Mr. Klema did not provide any information about the fees for which defendant would seek to recover, the legal basis for the petition (other than stating his disagreement with Ninth Circuit precedent), or any of the factors concerning an award of attorney fees. (Levy Decl. ¶ 4.) Because undersigned counsel was provided no advance notice about the call, he was not able to prepare to meaningfully confer. (*Id.*)

*Abittan* supports denying the petition for the failure to properly confer. There, the court

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

denied a fee petition because counsel failed to satisfy the meet-and-confer requirements by, among other things: (1) providing "only fee figures for total amounts expanded . . . without providing any breakdown," and (2) providing no information of the "'market rate' fees." 2026 WL 1215531 at *8-9. Mr. Klema did not even provide fee figures for total amounts, let alone fail to provide a breakdown. This complete disregard of the conferral requirements warrants denial of the petition. *See id.*

## II. An attorney fee award is prohibited if the voluntary dismissal is without prejudice.

Defendant's petition should also be denied under binding Ninth Circuit authority if plaintiff's Rule 60(b) motion is granted. In *Cadkin v. Loose*, the Ninth Circuit considered "whether a defendant is entitled to attorney's fees as a prevailing party under § 505 of the Copyright Act, 17 U.S.C. § 505, when a plaintiff voluntarily dismissed without prejudice a lawsuit containing copyright claims." 569 F.3d 1142, 1144 (9th Cir. 2009). The district court had awarded defendants their attorney fees after plaintiffs voluntarily dismissed their copyright claim under Rule 41(a). *Id*. at 1146. In reversing the district court's fee award, the Ninth Circuit held:

> Because the plaintiffs in this lawsuit remained free to refile their copyright claims against the defendants in federal court following their voluntary dismissal of the complaint, we hold the defendants are not prevailing parties and thus not entitled to the attorney's fees the district court awarded them.

*Id*. at 1145.

Defendant does not dispute that *Cadkin* applies here. But he points to a footnote in a U.S. Supreme Court decision, where the court explained that a "different body of caselaw" guides the determination of whether a defendant—rather than a plaintiff—is a prevailing party under attorney fee statutes. *Lackey v. Stinnie*, 604 U.S. 192, 203-04 n.* (2025).

"Published decisions of [the Ninth Circuit] become law of the circuit, which is binding authority that we and district courts must follow until overruled." *East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1261 (9th Cir. 2020), *superseded on other grounds by East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640 (2021). There are two—and only two—types of overruling authority: "intervening statutes or Supreme Court opinions that create 'clearly irreconcilable' conflicts with our caselaw." *Id.*

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

Neither the footnote nor the case cited in the footnote, *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419 (2016), create a "clearly irreconcilable" conflict with the Ninth Circuit's holding in *Cadkin*. Instead, the court found that a party only prevails if "a court conclusively resolves his claim by granting enduring relief on the merits that alters the legal relationship between the parties." *Lackey*, 604 U.S. at 207. Under that standard, the defendant in *Lackey* was not a prevailing party. *Id*. at 208. Similarly here, because defendant did not obtain "enduring relief on the merits," he is not a prevailing party either.

In summary, the Ninth Circuit in *Cadkin* held that a defendant who is voluntarily dismissed without prejudice is not a prevailing party, and nothing in *Lackey* is "clearly irreconcilable" with that decision. *Cadkin* is therefore binding. If defendant wishes the Ninth Circuit (or Supreme Court) to overrule that binding precedent, he should present the arguments he raised in the first section of his brief to those courts. (Def.'s Mot. at 11-19.) [1]

**III. The *Fogerty* factors do not favor a fee award.**

If the Court denies plaintiff's Rule 60(b) motion, it should still deny defendant's fee petition. The Copyright Act states that a court "may" award a "reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. An attorney fee award is discretionary; when deciding whether to award fees, courts exercise equitable discretion in light of various considerations. *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 534 (1994). Those considerations may include the degree of success obtained; objective unreasonableness (both in the factual and legal arguments in the case); frivolousness and motivation; and the need to advance considerations of compensation and deterrence. *Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 653 (9th Cir. 2020).

[1] Furthermore, if defendant's arguments were presented to the Ninth Circuit or Supreme Court, it is unlikely either court would hold that defendants who are dismissed without prejudice obtained the "enduring relief on the merits" that permits an attorney fee award. *Lackey*, 604 U.S. at 207. The Court never ruled on the merits of plaintiff's copyright claim and the voluntary dismissal means that defendant did not, in any meaningful sense, prevail. He is therefore not entitled to fees under 17 U.S.C. § 505.

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

**A. Although defendant was dismissed, he did nothing to obtain that result.**

Plaintiff voluntarily dismissed his copyright claim before defendant was served. Since the claim was not litigated on the merits, this Court has not determined whether plaintiff could have prevailed on it. No pleading, motion, or other action by defendant resulted in dismissal of the copyright claim. Instead, defendant's "success" on this claim was a result of plaintiff's unilateral decision to dismiss it. This factor weighs against an award of fees.

**B. Plaintiff's claim was not objectively unreasonable.**

A party's litigating position can be considered unreasonable when its "chances of success in [the] case were slim to none." *SOFA Ent., Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013). A copyright claim requires proof of just two elements: (1) ownership of a valid copyright and (2) copying of original elements of the work. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020).

Defendant argues that plaintiff's claim was unreasonable because he supposedly cannot recover damages. But even if that proved to be true, the Copyright Act allows the Court to grant injunctions "reasonable to prevent or restrain infringement of a copyright," 17 U.S.C. § 502(b), and plaintiff sought that relief in the complaint. (Compl. ¶ 14.) Defendant does not argue that injunctive relief would be unavailable.

Second, defendant argues that the copyright registration was invalid. (Def.'s Mot. at 15.) But that issue requires the Register of Copyrights to advise whether the alleged inaccuracy would have caused the Copyright Office to refuse registration. 17 U.S.C. § 411(b)(2). There is nothing in the record that indicates that it would have.

Finally, defendant suggests that the complaint is simply "a SLAPP suit dressed up as copyright." (Def.'s Mot. at 15.) The same accusation could be lodged against many copyright claims, and to the extent the defendant wants to argue that his use of the copyrighted content is protected, that is what the affirmative defense of fair use covers. And regardless, the First Amendment's free-speech principles do not protect foreign citizens outside of the United States. *Zuru, Inc. v. Glassdoor, Inc.*, 614 F. Supp. 3d 697, 707 (N.D. Cal. 2022) ("The First Amendment doesn't apply to foreign citizens outside U.S. territory, so it doesn't reflect a U.S. policy of

protecting free speech around the world."). Defendant, a foreign citizen outside of the United States, therefore doesn't have any basis to cite First Amendment principles to defend his infringement.

In summary, plaintiff's copyright claim has not been resolved on the merits and defendant offers nothing that shows the claim was not objectively reasonable. Based on the record, this factor also weighs against a fee award.

**C. The claim was not frivolous or filed in bad faith.**

"[A] frivolous claim under the Copyright Act is one that, in either the factual or legal assertions, is clearly baseless, involving fantastic or delusional scenarios. Put another way, a case is deemed frivolous only when the result is obvious or the arguments are wholly without merit." *Perfect 10, Inc. v. Giganews, Inc.*, No. 11-cv-7098, 2015 WL 1746484, at *8 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017); see also *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, No. 04-cv-00371 JW, 2005 WL 2007932, at *4 (N.D. Cal. Aug. 12, 2005) (cleaned up) (a copyright claim is frivolous when its factual allegations are "clearly baseless, such as factual claims that are fantastic or delusional scenarios."). The Court should find that plaintiff's copyright claim is not frivolous for the same reason that it was not objectively unreasonable: *i.e.*, nothing in the record shows that it is clearly baseless.

There is also nothing in the record that shows that plaintiff brought the copyright claim in bad faith. Although defendant speculates that plaintiff's motivation in filing the copyright claim was to remove embarrassing content from the Internet, he offers nothing in support of that speculation. That is reason enough to reject it. *See Rearden LLC v. Crystal Dynamics, Inc.*, No. 17-cv-04187-JST, 2025 WL 1043536, at *5 (N.D. Cal. Apr. 8, 2025) ("The speculative nature of this assertion [of bad motive] is reason enough to reject it."). Further, defendant cites no case to support the position that motive for suit bears on the merits of a copyright infringement case.

Because plaintiff's copyright claim was not frivolous or filed in bad faith, this factor weighs against awarding attorney fees to defendant.

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

**D. Considerations of compensation and deterrence would not be advanced.**

Courts must be "faithful to the purposes of the Copyright Act" in awarding attorney fees under § 505, and requests for compensation are considered in light of the strong tradition that each party generally bears its own fees. *Fogerty*, 510 U.S. at 533-34 n.19. Regarding deterrence interests, courts may award fees when plaintiffs press factually or legally baseless claims, in order to discourage others like them. *See*, *e.g*., *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1149-50 (9th Cir. 2018) (affirming fee award when the plaintiff lacked "a reasonable factual basis" to assert a claim against the defendant).

Here, there is no need to award defendant fees to discourage frivolous or harassing litigation. The record does not show that plaintiff's copyright claim was unreasonable or made in bad faith. And because plaintiff voluntarily dismissed the case before effecting service, defendant was spared the cost and effort of litigating. Thus, defendant has no need to be compensated for defending a claim that was never litigated or determined in his favor. Accordingly, this factor weighs against awarding attorney fees.

**IV. If attorney fees are awarded, the award should reflect the minimal time spent.**

Even if the Court decides to award defendant some attorney fees for the copyright claim, the award must take into consideration how little effort could have been reasonably spent on that claim. As noted, the claim was voluntarily dismissed before defendant was served. Nevertheless, one of defendant's attorneys claims to have spent 24.1 hours on the case and the other claims to have spent 22.9 hours—for a total of $36,515 in claimed fees. (Klema Decl. ¶ 20; Decl. of D. Awad in Supp. of Def.'s Mot. (Dkt. 21-4) ¶ 12; Def.'s Mot. at 18.) These fees are not reasonable. Defendant did not need to retain two different attorneys, in two jurisdictions, billing at such high rates, to handle a complaint with a single count of copyright infringement—where everyone agrees that statutory damages and attorney fees were unavailable—before ever being served.

No fees should be awarded on the copyright claim, but to the extent any fees are awarded, the award should reflect the minimal effort required to consider that claim.

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

**CONCLUSION**

The Court should deny defendant's motion for an attorney fee award, either because fees are not allowed under *Cadkin* or because none of the *Fogerty* factors weigh in defendant's favor.

DATED: November 19, 2026. MARKOWITZ HERBOLD PC

*/s/ Joseph M. Levy*
Joseph M. Levy, CSB #329318
JosephLevy@MarkowitzHerbold.com
*Attorneys for Plaintiff*

2507909.3