Griffin C. Klema, Esq.
Griffin@KlemaLaw.com
KLEMA LAW, PL
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
(*pro hac vice*)

David Awad (CA SBN 357204)
david@awad.esq
AWAD LAW P.C.
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (646) 653 4385

*Counsel for defendant Mario Alexandru, appearing specially*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UMUT HADLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MARIO ALEXANDRU, an individual,<br><br>Defendant. | Case No. 3:26-cv-05288-LJC<br><br>**DEFENDANT'S OBJECTION TO PLAINTIFF'S REPLY BRIEF AND DECLARATION**<br><br>The Hon. Maj. J. Lisa J. Cisneros |

Defendant, Mario Alexandru, pursuant to Local Rule 7-3(d)(1), objects to the reply brief [DE 26] and declaration of plaintiff Umut Hadley, [DE 27] filed in support of plaintiff's Rule 60(b) motion [DE 15] seeking to change his voluntary dismissal from one with prejudice to one without prejudice.

KLEMA LAW, PL
420 W. Kennedy Blvd, Second Floor, Tampa, FL 33606
202-713-5292 | Griffin@KlemaLaw.com

## INTRODUCTION

Properly and fully setting forth a litigant's position in its initial moving papers is a core aspect of procedural due process and judicial economy for the bench and bar alike. Insufficient or minimal filings constitute waiver for matters not adequately raised. They disserve judicial economy and prejudice the party responding to such motions by permitting ambush or bait-and-switch tactics when the opposing party points out the deficiencies in the original moving papers, only to be accused (as here) of not responding to the initial arguments. The remedy for failing to properly set forth a fully-developed memorandum of points and authorities with evidence is to disregard them from consideration in disposing of the motion. Burdening a responding party by requiring a sur reply—to oppose a second, fundamentally different and new argument raised for the first time in a reply—is precisely why the Court must disregard the new arguments and evidence. Failing to enforce the rules of waiver may be an abuse of discretion, whereas sustaining an objection ensures that litigants abide by the procedural requirements to properly set forth the basis for their requested relief, and avoids gameplaying.

By failing to raise his arguments of "excusable neglect" and failing to supply adequate evidence that would support Rule 60 relief in his original moving papers, Hadley waived them. This objection should be sustained, and Hadley's Rule 60(b) motion should be disposed of based on the original motion and defendant Alexandru's opposition papers.

## ISSUES TO BE DECIDED

1. Does plaintiff Umut Hadley's reply brief and reply affidavit introduce new arguments or evidence in support of his Rule 60(b) motion?
2. If so, should the Court sustain defendant Mario Alexandru's objection, and disregard that new argument and evidence so that plaintiff's Rule 60(b) motion is disposed based on (1) plaintiff's original motion, memorandum of points and authorities, and evidence; and (2) defendant's opposition memorandum of points and authorities and evidence?

## RELEVANT FACTS

Plaintiff Umut Hadley originally filed a substantively-emaciated two-paragraph motion pursuant to Rule 60(b), seeking to change his voluntary dismissal with prejudice to one without

prejudice. [DE 15]. That motion cited just two authorities: the rule and one unreported decision from the Central District of California. Id. The original papers traveled under a Rule 60(b)(1) theory of "mistake." Mot. at 2:1; Decl. of Levy [DE 16] at ¶ 2 ("misunderstanding"). The brief did not set forth the items required by Local Rule 7-4 (no statement of issues to be decided, no statement of the relevant facts), and lacked any evidence directly from plaintiff respecting what he supposedly instructed his counsel to do, even though arguing relief was warranted based on statements by Hadley to his counsel. Mot. at 2:1 ("plaintiff's request"). Rather than supporting that assertion by declaration from Hadley, the sole evidence were two sentences from Hadley's counsel: hearsay statements of the instructions Hadley purportedly gave. Id.

Given the risk of a second lawsuit against him, defendant Alexandru appeared specially, seeking to oppose the relief sought by Hadley. [DE 17]. He timely filed his opposition memorandum of points and authorities, supported by his declaration articulating the specifics of how he would be prejudiced if Hadley could retain the ability to file a new suit—providing the basis for the "just terms" afforded under Rule 60. [DE 20]. He also argued that Hadley had failed to carry his burdens of both proof and persuasion under Rule 60(b)(1) based on the lack of supporting evidence for the asserted mistake, as well as citing decisions that disallow relief for errors of counsel. Id.

On November 12, 2026, Hadley then filed a 9-page reply memorandum of points and authorities, [DE 26] (the "Reply"), and, for the first time, included a declaration directly from plaintiff Hadley, [DE 27] ("Hadley Decl."). Among other things, Hadley fundamentally changed the basis for the relief he sought under Rule 60(b)(1) from "mistake" to "excusable neglect." Compare Mot. at 2:1 ("misunderstanding"), with at Reply, § II, at 3:1-7:16 ("excusable neglect"). Incredibly, he then faulted Alexandru for not addressing that which Hadley omitted in his moving papers. Reply, 5:2 ("Defendant does not meaningfully engage with the four relevant excusable neglect factors").

In his belated declaration, Hadley still does not explain what he initially instructed his attorney to do: whether he received advice about the dismissal of the suit, or any other details that would lend credibility to the self-serving *post hoc* declaration. Hadley Decl. [DE 27]. Glaringly absent is any explanation from Hadley that he even understood the difference between dismissals with and without prejudice or that he had the wherewithal to recognize, "within hours after [the dismissal]

KLEMA LAW, PL
420 W. Kennedy Blvd, Second Floor, Tampa, FL 33606
202-713-5292 | Griffin@KlemaLaw.com

KLEMA LAW, PL
420 W. Kennedy Blvd, Second Floor, Tampa, FL 33606
202-713-5292 | Griffin@KlemaLaw.com

was filed," the importance of that difference. The implication by his silence is that he did not, and the sole source of error was Hadley's counsel. The Reply concedes as much. See Reply at 5:24-6:1 (admitting that the entire basis of the motion is "counsel's error"). It was, as the original motion asserted, a mistake—not excusable neglect as Hadley now desires to argue. And that mistake does not support Rule 60(b)(1) relief. See generally, Def.'s Opp'n [DE 20].

**ARGUMENT**

The extensive reply arguments and declaration of Hadley are not responsive to arguments by Alexandru, but wholesale *new* issues under an entirely different provision of Rule 60 with an entirely different legal framework. Disregarding them is the proper remedy by sustaining a timely objection. See Greisen v. Hanken, 925 F.3d 1097, 1115 (9th Cir. 2019).

As a general matter, pointing out the gross deficiencies of a movant's original filings does not give a movant carte blanche to then submit what was missing from that initial submission, or to entirely change the legal basis on which the original request was made. As the Court should instantly recognize, Hadley's chameleonlike evolution from "mistake" in his original motion to "excusable neglect" in his reply entirely undermines Hadley's argument that he is simply responding to arguments and evidence raised by Alexandru's opposition. Reply at 2:15-16. Hadley's reply arguments and evidence are of an entirely different species, with entirely different legal analysis and case law. Compare Reply, § II, at 3:1-7:16, with Mot. [DE 15]; see also Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir. 2006) (an error in dismissing a suit with prejudice "is properly categorized as 'mistake' under Rule 60(b)"). Hadley's Reply fundamentally inverts the burdens between movant and respondent to the latter's detriment.

The only new issue raised by Alexandru in his opposition papers (which understandably would be absent from a movant's initial papers) was the issue of possible relief afforded by Rule 60 in the form of "just terms" that would neutralize the prejudice to Alexandru from changing the preclusive judgment to one allowing Hadley to sue Alexandru again. Reply, § III, at 7:17-7:27. That was the sole scope of what was suitable for Hadley's reply. Otherwise, the only other thing Hadley could procedurally do was to address Alexandru's declaration, which he did (albeit unavailing). Id. § V, at 8:19-9:10. The balance of Hadley's reply (Sections I, II, and IV) is improper and can and

should be disregarded. He also cannot supplement that which was missing from his original moving papers—namely Hadley's own declaration—which was a necessary evidentiary predicate to sustain his counsel's argument that *Hadley* understood and specifically instructed him on what to do. Sanders v. Housing Auth., 782 F.2d 829, 832 (9th Cir. 1986) (affirming denial of Rule 60(b)(1) motion because there was "no evidence" justifying such relief).

Hadley's tactics are all the more nefarious here, where he argues that Alexandru did "not meaningfully engage with the four relevant excusable neglect factors." Reply at 5:2. No wonder. Hadley never set forth *any* appropriate legal standard by which the Court was to adjudicate his motion for relief, and traveled under the "mistake" prong of Rule 60(b)(1) by employing functionally-equivalent language: "misunderstanding." Mot. [DE 15] at 2; Decl. of Levy [DE 16] at ¶ 2. Alexandru responded to that position by citing decisions addressing mistakes under Rule 60, not those involving excusable neglect (and those decisions' corresponding framework applying the Pioneer factors). Hadley's motion never mentioned the Pioneer factors, and the singular case he cited addressed mistake-type relief under Rule 60(b)(1). His reply improperly discredits Alexandru for failing to address the four Pioneer factors in his opposition. So obvious is the straw man built by Hadley that it borders on misrepresentation.

The rationale of the Seventh Circuit respecting waiver of arguments is apt here: litigants who "do not do their legal research until after" filing their initial papers "have wasted a judge's valuable time." Crothersville Lighthouse Tabernacle Church, Inc. v. Church Mut. Ins. Co., S.I., 168 F.4th 483, 493 (7th Cir. 2026); see also Economy Folding Box Corp. v. Anchor Frozen Foods Corp., 515 F.3d 718, 720-21 (7th Cir. 2008) ("[a] plaintiff cannot rely on the entire [Rule] and leave it to the court to determine what [portions] apply"). Pursuant to the "principle of party presentation," in the district court, the "parties [] frame the issues for decision and assigned to courts the role of neutral arbiter of matters the parties present." Greenlaw v. United States, 554 U.S. 237, 243 (2008). That is because the "adversary system is designed around the premise that the parties know what is best for them, and are [therefore] responsible for advancing the facts and arguments entitling them to relief." Id. (quoting Castro v. United States, 540 U.S. 375, 381-383 (2003)). Failing to do so in a party's initial moving papers is waiver. Greisen, 925 F.3d at 1115.

KLEMA LAW, PL
420 W. Kennedy Blvd, Second Floor, Tampa, FL 33606
202-713-5292 | Griffin@KlemaLaw.com

KLEMA LAW, PL
420 W. Kennedy Blvd, Second Floor, Tampa, FL 33606
202-713-5292 | Griffin@KlemaLaw.com

Here, the sum total of plaintiff's analysis of the facts to the law in his original motion was as follows:

> Plaintiff makes this request within a 'reasonable time,' Fed. R. Civ. P. 60(c)(1), as it is being made the same day as the voluntary dismissal was filed. And there is no prejudice to the defendant, who has not yet been served."

Mot. at 2:6-8. Hadley's "moving papers were not 'sufficiently definite, specific, *detailed*, and *non-conjectural*.'" Cf. United States v. Van Dyck, 866 F.3d 1130, 1136 (9th Cir. 2017) (applying standard to motions seeking evidentiary hearing) (emphasis in original, quoting district court order).[1] Consequently, the entirety of Hadley's reply (including his belated declaration) does not, in fact, address the arguments raised by Alexandru in his opposition papers, but rather seeks a mulligan, and travel under an entirely new legal theory for his Rule 60 relief and introduce tardy evidence on which it was his original burdens of proof and persuasion. A "district court appropriately decline[s] to consider" arguments and evidence "raised for the first time in a reply brief." Greisen, 925 F.3d at 1115 (quoting Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007)). The new arguments and evidence by Hadley were "waived" by failing to timely raise them in his original moving papers. Id.

The simplest and most economical way to dispose of Hadley's Rule 60 motion is to disregard his improper reply and declaration. Alexandru should not be burdened with responding to what amounts to a second, new and different, basis for Rule 60(b)(1) relief and a new declaration by way of sur reply.

**WHEREFORE**, defendant Mario Alexandru respectfully requests the Court:

1) find that plaintiff Umut Hadley's reply raises new arguments and evidence that is not simply responsive to the arguments of defendant's opposition papers;
2) sustain the objection of defendant that plaintiff's reply raises new arguments and evidence;
3) disregard Sections I, II, and IV of the reply, as well as the Hadley declaration; and
4) for such further relief as the Court deems just and proper.

/s/ Griffin Klema
Griffin C. Klema, Esq. (*pro hac vice*)
David Awad, Esq.
*Counsel for defendant Mario Alexandru*

---

[1] The same standard ought to apply to motions generally for purposes of evaluating whether a reply raises new arguments or evidence.